```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


ROBBIN OBOMSAWIM               *
                               *
v.                             *    Civil Action No. WMN-12-3410
                               *
TEMPUR-PEDIC NORTH AMERICA,    *
LLC, et al.                    *
                               *
                               *
                               *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Before the Court is a Motion for Reconsideration and/or Clarification filed by Plaintiff Robbin Obomsawim, ECF No. 114, asking the Court to reconsider its Memorandum and Order from January 5, 2015.  ECF Nos. 112-113.  The motion is fully briefed and ripe for review.  Upon review of the papers, facts, and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and Ms. Obomsawim's motion will be denied.

Robbin Obomsawim brought this negligence action as legal representative of her deceased mother, Esther Whitman, against Tempur-Pedic North America, LLC (Tempur-Pedic) for injuries sustained by Ms. Whitman allegedly as the result of plastic covering that was left on the base of her Tempur-Pedic Ergo bed. Ms. Obomsawim had ordered the Ergo bed over the phone from Tempur-Pedic and was promised free delivery and installation.

Defendant Cruz Transportation Services (Cruz) delivered and installed the Ergo bed in Ms. Whitman's home.  Cruz, an unknown party to Tempur-Pedic, was a subcontractor of Old PFS, Inc. (Purnell)[1], a furniture installation and delivery company.  Purnell had a direct contract with Tempur-Pedic to deliver and install its beds.  At issue is who bears responsibility for the protective plastic covering remaining on the bed after installation, when its presence allegedly caused the mattress to slip, which caused Ms. Whitman to fall and sustain serious injury.

   Tempur-Pedic sought summary judgment on the grounds that it did not violate a duty of care owed to Ms. Whitman and that it was not liable for the actions of either its contractor, Purnell, or an unknown third party, Cruz.  ECF No. 97.  Ms. Obomsawim opposed the Motion on the grounds that Tempur-Pedic did in fact violate its duty "to properly deliver and install Plaintiff's specialty mattress," ECF No. 103-1 at 18, and that Tempur-Pedic could be held liable for the actions of Cruz and Purnell on actual and apparent agency theories.  ECF No. 103-1.  The Court granted in part and denied in part Tempur-Pedic's motion.  ECF Nos. 112-113.  Specifically, and at issue here, the Court found that Tempur-Pedic discharged its duty "to properly deliver and install Plaintiff's specialty mattress" when it used

---

[1] Old PFS, Inc., does business as Purnell Furniture Services.

reasonable care by selecting in Purnell a reputable company to deliver and install its products and by entering into a detailed agreement by which Tempur-Pedic sought to ensure that Purnell would properly install its beds. ECF No. 112 at 8-9.[2]

Ms. Obomsawim now moves for reconsideration on the ground that "Plaintiff believes there is a factual issue to be resolved by the jury, namely Plaintiff's standard of care testimony against Tempur-Pedic, and therefore summary judgment is inappropriate because there is a material dispute of fact." ECF No. 114 at 5.[3] The dispute of fact arises, Plaintiff argues, because her experts can testify that "defendant breached a duty of care," ECF No. 114 at 7, and that "the duty is non-delegable because Plaintiff's standard of care experts opined that this duty was non-delegable." Id. at 6. Tempur-Pedic objects that this testimony is inadmissible because it asserts impermissible legal conclusions. ECF No. 115 at 2.

---

[2] The Court, however, did not relieve Tempur-Pedic of all potential liability and found that a finder of fact could conclude that Cruz's deliverymen were acting as apparent agents of Tempur-Pedic, and therefore could be held liable if any action taken by Cruz within the course of installation was negligent. ECF No. 112 at 12.

[3] Plaintiff argues on multiple occasions that "Tempur-Pedic has presented no deposition or other evidence that they, in fact, complied with the standard of care." ECF Nos. 114 at 6, 116-1 at 3. Although Tempur-Pedic chose not to enlist an expert to declare it in compliance with the standard of care, Tempur-Pedic did submit sufficient evidence, including the shipping-carrier contract between Tempur-Pedic and Purnell and the Ergo Bed installation manual, upon which the Court could make its decision.

"A motion for reconsideration is appropriate 'to correct manifest errors of law or fact or to present newly discovered evidence,' . . . or where there has been an intervening change in controlling law." Potter v. Potter, 199 F.R.D. 550, 552 (D. Md. 2001) (internal citations omitted).  Plaintiff styles her motion as a "request for clarification," but clearly believes that the Court has made an error of law in that it failed to reach the same conclusion as her experts.[4]  The Court may grant a motion for reconsideration "only in very narrow circumstances" and the movant may not "take a second, unpermitted, swing at the piñata." Wonasue v. University of Maryland Alumni Ass'n, Civ. No. PWG-11-3657, 2013 WL 6178041, at *2(D. Md. Nov. 22, 2013).  The Court finds that Plaintiff has not identified a manifest error upon which the Court may reverse its opinion, and instead "ask[s] the Court to rethink what the Court had already thought through – rightly or wrongly." Dunford v. Astrue, Civ. No. BPG-10-0124, 2012 WL 380057, at *1 (D. Md. Feb. 3, 2012).

As previously articulated, the legal test for negligence is met when (1) the defendant owed a duty to plaintiff; (2) the defendant breached its duty; (3) the plaintiff was injured; and (4) the injury was proximately caused by defendant's breach. Read Drug & Chem. Co. v. Colwill Constr. Co., 243 A.2d 548, 552-

---

[4] In her motion, Plaintiff does not present new evidence or demonstrate an intervening change in the law.

53 (Md. 1968). In considering a motion for summary judgment, if there is no material dispute of fact, the Court may apply relevant, admissible facts to determine whether the moving party is entitled to judgment as a matter of law. In its prior opinion, the Court found that Tempur-Pedic did not breach its duty based on evidence that established that Tempur-Pedic selected a reputable delivery company, Purnell, and took reasonable steps to ensure that such delivery was completed in a satisfactory manner. Plaintiff, in its current Motion and opposition to Tempur-Pedic's Motion for Summary Judgment, argues that the testimony of Plaintiff's experts reached an opposite legal conclusion, that Tempur-Pedic violated its duty because the protective plastic remained on the bed after installation.

Rule 704 of the Federal Rules of Evidence permits the admission of opinion testimony that "embraces an ultimate issue to be decided by the trier of fact." Opinion testimony, however, that draws a legal conclusion is generally inadmissible. The Court identifies improper legal conclusions by determining whether "'the terms used by the witness have a separate, distinct, and specialized meaning in the law different from that present in the vernacular.'" United States v. McIver, 470 F.3d 550, 562 (4th Cir. 2006) (citations omitted); see also In re Titanium Dioxide Antitrust Litig., Civ. No. RDB-10-0318,

5

2013 WL 1855980, at *2 (D. Md. May 1, 2013).[5]  Examples of words with specialized meaning include "extortion," "deadly force," "fiduciary," and "unreasonably dangerous."  McIver, 470 F.3d at 562 (collecting cases). "Put another way, 'opinions which would merely tell the jury what result to reach' are inadmissible." Elat v. Ngoubene, 993 F. Supp. 2d 497, 512 (D. Md. 2014) (quoting In re Titanium Dioxide Antitrust Litig., supra, at *3); see also Fed. R. Evid. 704, Advisory Committee Note.  In the testimony offered by Plaintiff, Dr. Singh states that "Tempura-Medic [sic] failed to meet the standard duty of care" and Mr. Kail opines that Tempur-Pedic "had a duty to ensure the proper installation of the Tempur-Pedic bed regardless of who the installer is."  ECF No. 116-1 at 2.  "Duty" and "standard duty of care" within the context of tort law have highly specialized legal meanings which are distinct from their vernacular meaning. See Bd. of Cnty. Comm'rs for Cecil Cnty. v. Dorman, 979 A.2d 167, 174 (Md. Ct. Spec. App. 2009) ("Whether a duty exists is not legitimately established by calling an expert witness to the stand, no matter how qualified that expert might be.  The

---

[5] Plaintiff notes that Tempur-Pedic cites In re Titanium, an unpublished antitrust case, and argues that because of its unpublished status and the antitrust nature of the action, the decision has no bearing on the Court's evaluation of her experts.  ECF No. 116 at 5.  In re Titanium applies, however, as it interprets Supreme Court and Fourth Circuit precedent to deal directly with permissible and impermissible expert testimony under the Federal Rules of Evidence.

existence, vel non, of a duty is a legal issue to be determined by the court."). Dr. Singh's testimony, in particular, would tell a fact finder exactly what conclusion to reach. As such, Plaintiff attempts to prove that Tempur-Pedic failed in its duty by offering expert testimony constituting impermissible legal conclusions which explicitly state that Tempur-Pedic "failed to meet the standard duty of care."

In her reply, Plaintiff states that her "experts have not opined on the ultimate legal issue – non-delegable duty," ECF No. 116 at 5, even though in her original motion she expressly argues that "[Tempur-Pedic's] duty is non-delegable because Plaintiff's standard of care experts opined that this duty is non-delegable." ECF No. 114 at 6. Plaintiff also accuses Tempur-Pedic of basing its characterization of the testimony "solely on how Plaintiff framed her legal arguments in her opposition to Tempur-Pedic's Motion for Summary Judgment and not on a single word of Dr. Singh or Mr. Kail's testimony." Id.[6] Plaintiff is backpedaling from her original position. In this Motion for Reconsideration and her earlier Opposition, Plaintiff herself – not Tempur-Pedic – is the one who characterized the

---

[6] This accusation holds no weight with the Court, as what arguments Plaintiff made in her earlier opposition is entirely the point of this Motion. Novel legal arguments are not to be considered, as "[h]indsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order." Potter, 199 F.R.D. at 553.

7

testimony of Dr. Singh and Mr. Kail as being about the duty owed and its non-delegable nature. Plaintiff cannot now seriously argue that her experts "did not once address the ultimate legal issue" when she in fact argued just that. ECF No. 116 at 4. Plaintiff's original offering of its expert evidence is clearly impermissible and constitutes unsuitable grounds for granting reconsideration.

Plaintiff also makes passing arguments that summary judgment is unwarranted because Tempur-Pedic chose not to hire experts to rebut Mr. Kail and Dr. Singh and Tempur-Pedic had "contractually promised to deliver and install its own products and then failed to insure proper installation," ECF No. 114 at 7. Neither argument presents a ground upon which to grant reconsideration. First, a party is not obligated to hire an expert to testify and may rely on any relevant evidence that "has a tendency to make a fact more or less probable" where that fact is "of consequence in determining the action." Fed. R. Evid. 401. The litigation choice of Tempur-Pedic not to hire an expert has no bearing on the matter at hand. Second, Plaintiff has not brought a breach of contract action, and any potential breach of contract on the part of Tempur-Pedic is incidental to the question of tortious negligence as "[a] contractual obligation, by itself, does not create a tort duty. Instead, the duty giving rise to a tort action must have some

8

independent basis." Mesmer v. Md. Auto Ins. Fund, 752 A.2d 1053, 1058 (Md. 1999).

Accordingly, it is this 10th day of February, 2015, ORDERED that:

(1) Plaintiff Robbin Obomsawim's Motion for Reconsideration, ECF No. 114, is DENIED; and

(2) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
              /s/
William M. Nickerson
Senior United States District Judge
```