IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBBIN OBOMSAWIM                  *
                                  *
v.                                *       Civil Action No. WMN-12-3410
                                  *
TEMPUR-PEDIC NORTH AMERICA,       *
LLC, <u>et al.</u>                    *
                                  *
                                  *
                                  *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is a Motion for Leave to File Amended Complaint filed by Plaintiff Robbin Obomsawim.  ECF No. 118. The motion is fully briefed and ripe for review.  Upon review of the papers, facts, and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and Ms. Obomsawim's motion will be denied.

On November 20, 2012, Plaintiff filed this instant action against Tempur-Pedic North America, LLC (Tempur-Pedic), alleging that Tempur-Pedic was negligent in failing to remove the plastic wrap from a bed delivered to her mother, Esther Whitman. Plaintiff alleges that this failure resulted in Ms. Whitman falling off the bed when the mattress shifted on the plastic. On April 12, 2013, Tempur-Pedic filed a third-party complaint against Old PFS, Inc. (d/b/a Purnell Furniture Services), ECF No. 31, who in turn on August 21, 2013, brought a fourth-party

complaint against Cruz Transportation Services, LLC.   ECF No.
57.   Cruz filed its answer on October 9, 2013.   ECF No. 63.   The
deadline for joinder of additional parties and amendment of
pleadings in the court's amended Scheduling Order fell on
December 1, 2013.   ECF No. 67.   Plaintiff amended her complaint
twice, once before this deadline and once after with leave of
the Court.   Tempur-Pedic, Purnell, and Cruz moved for summary
judgment in September 2014, ECF Nos. 97-100, and the Court
granted in part and denied in part the motions.   ECF No. 113.
Discovery closed December 31, 2014.   ECF No. 110.   Plaintiff
subsequently moved for reconsideration, ECF No. 114, which the
Court denied.   ECF No. 117.   Plaintiff – 19 months after Purnell
filed its fourth-party complaint, 17 months after Cruz answered,
15 months after the deadline for raising additional claims, well
after the close of discovery and the disposition of dispositive
motions – now seeks for the first time to bring a direct action
against fourth-party defendant Cruz.

Plaintiff and Cruz dispute whether Rule 15 or Rule 16 of
the Federal Rules of Civil Procedure governs Plaintiff's motion.
Plaintiff argues that, since the Court did not have an explicit
deadline in its Scheduling Order by which cross-claims[1] were to

---

[1] Plaintiff misidentifies her potential claim against Cruz as a
"cross-claim" and argues that federal courts have held that "if
the scheduling order does not set a deadline for asserting
cross-claims, the scheduling order does not need to be modified

be filed, that her request is not a violation of the Scheduling
Order and therefore Rule 16(b) – which requires a "good cause"
showing by the Plaintiff – does not apply.  Thus, the Court
should consider its motion under Rule 15(a), which requires the
Court to freely give leave to amend in the absence of prejudice.
Cruz argues that there was a clear deadline for a motion for the
amendment of pleadings, which is well passed, and so Rule 16(b)
controls.

Rule 16(b) of the Federal Rules of Civil Procedure
establishes that a motion for leave to amend pleadings filed
past the deadline established by the scheduling order for such
motions can only be successful if it meets a "good cause"
standard for modification of a scheduling order as well as the
Rule 15(a)(2) standard for leave to amend.  Moses v. Cowan
Distrib. Servs., Inc., Civ. No. 10-1809, 2012 WL 527657, at
*2(D. Md. Feb. 16, 2012).  The "good cause" standard "focuses on
the timeliness of the amendment and the reasons for its tardy
submission." Rassoull v. Maximus, 209 F.R.D. 372, 374 (D. Md.

---

and thus a Rule 16(b) 'good cause' showing is unnecessary."  ECF
No. 118 at 5 (relying on Sher v. SAF Financial, Inc., Civ. No.
10-1895, 2011 WL 4840946 (D. Md. Oct. 11, 2011).  When Cruz, in
its opposition, clarified that Plaintiff seeks to add a counter
claim, not a cross claim, Plaintiff shifted her argument to
"whether a cross claim or a counter claim, [Plaintiff's claim]
is against an existing party, for which there is no deadline in
this Court's scheduling order."  ECF No. 124 at 4.

2002).  If the moving party "was not diligent, the inquiry should end."  Id.

Rule 15(a) of the Federal Rules of Civil Procedure states that, after a responsive pleading has been served, a complaint may not be amended without leave of the court.  The Rule provides that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  In Foman, the Supreme Court identified some of the reasons for denying a motion to amend.  Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  371 U.S. at 182.  "Motions to amend are committed to the discretion of the trial court."  Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991).

The Court finds that Rule 16(b) is the correct standard by which to evaluate Plaintiff's motion for leave to amend and, accordingly, must deny the motion.  Although the Court, in its Scheduling Order, does not conceive of all the permutations of alterations and amendments through which a party may seek to conduct litigation, it does establish that there is a firm deadline for "moving for joinder of additional parties and amendment of pleadings."  Plaintiff, in her motion, focuses on

4

the first part of the deadline, namely "joinder of additional
parties," by arguing that, since Cruz is a known party to this
action, she does not violate the Court's Scheduling Order
implicating Rule 16(a).  Plaintiff's Third Amended Complaint,
however, falls under the second category as a substantial
amendment of the pleadings.  Unlike her first two amended
complaints, which sought to correct the legal name of Tempur-
Pedic and establish Plaintiff as the co-personal representative
of the estate of Esther Whitman, the Third Amended Complaint
brings a new claim of negligence against Cruz.  The language of
the Scheduling Order encapsulates Plaintiff's request, and as
the deadline for amending the pleadings passed over a year ago,
she is required to show "good cause" as to why she seeks to
amend her complaint two and a half years after she initiated
this action, a year past the deadline for such amendment, and
well after the close of discovery and the dispositive motion
period.

Perhaps Plaintiff argues that a "good cause" showing is not
required because she plainly cannot demonstrate that her request
meets this standard.  Cruz has been a known party since at least
August 2013, has participated in discovery and depositions, and
through counsel has communicated with the Plaintiff.  Plaintiff
had almost two months between Cruz's answer to the fourth party
complaint and the deadline for moving to amend her complaint to

include a direct action against Cruz.  Over a year passed

between the deadline for Plaintiff to amend her complaint and

this motion, during which time discovery closed and summary

judgment motions have been considered.  Further, a colloquy

among counsel during the deposition of Plaintiff's expert

demonstrates that Plaintiff, through counsel, had clearly

considered the role of Cruz in her lawsuit:

> <u>Mr. Meltmar</u> (counsel for Plaintiff): My client hasn't
> sued you.  If you disappear I don't care.  I don't
> need you in this case.  You're not a party in this
> case as far as I'm concerned.  He brought you in.  I
> mean that Tempura-Medic [sic] brought you in.  I don't
> need you.
>
> <u>Mr. Strong</u> (counsel for Purnell): No, I brought him
> in.
>
> <u>Mr. Meltmar</u>: Oh, you brought him in . . . [Cruz,]
> you're not a party to this case.  I'm not testifying
> against you.  I'm testifying that Tempura-Medic had a
> duty to remove the plastic, and if it happened to be
> your people that did it, that's their burden, that's
> their responsibility.  So the fact that you're even
> asking him questions here is really a professional
> courtesy in my opinion.  How do you have a right to
> ask my expert questions?

ECF No. 121-3 at 3 (Deposition of Sher Paul Singh, 159:5-

22).  This exchange suggests that Plaintiff had made an

active decision to rely on her claim against Tempur-Pedic

only.  The motion for leave to amend comes after the Court

ruled in Plaintiff's favor with regards to her apparent

agency theory between Cruz and Tempur-Pedic.  Plaintiff

states that the Court's ruling prompted her to consider her

claims anew.  See ECF No. 118 at 4 ("Plaintiff has reevaluated its [sic] claims in an attempt to tailor those claims to the Court's holding.").  While that correlation might constitute an argument towards the merits of allowing an amended pleading, it does not address the issue of tardiness.  See Rassoull, 209 F.R.D. at 374 (finding that a motion for leave to amend that addressed the reasons for requesting leave to amend, but not the timeliness of plaintiff's motion was insufficient to grant relief under Rule 16(b)).  In addition, a party is generally bound by the choices it makes in the course of litigation, even though in hindsight a different decision could have been made.  Plaintiff has not shown good cause for modification of the Scheduling Order.  No need exists to address the Rule 15(a) argument as to bad faith and undue prejudice alternatively advanced by Cruz.

Given that discovery and dispositive motions are complete, the Plaintiff's claim would appear to be ready for trial without further delay.  The Court asks that the parties meet and confer and submit a status report to the Court within 14 days as to how they believe this case should best proceed.

Accordingly, it is this 23rd day of April, 2015, ORDERED that:

(1)   Plaintiff Robbin Obomsawim's Motion for Leave to File
      Amended Complaint, ECF No. 118, is DENIED;

(2)   The parties shall meet and confer and submit a status
      report to the Court within 14 days detailing how they
      wish this case to proceed; and

(3)   The Clerk of Court shall transmit a copy of this
      Memorandum and Order to all counsel of record.



                        _____/s/_____
                        William M. Nickerson
                        Senior United States District Judge